Amrane Cohen, Chapter 13 Trustee
Linda S. Conway (SBN 158634)
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Linda C@ch13ac.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>SACHA A KAUFFMAN<br><br><br>Debtor(s) | **Case No.: 8:25-bk-11587-MH**<br><br>Chapter 13<br><br>**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br><u>§ 341(a) Meeting</u>:<br>Date:         July 15, 2025<br>Time:        10:00 am<br>Place:       Video Conference<br><br><u>Confirmation Hearing</u>:<br>Date:         August 21, 2025<br>Time:        11:00 am<br>Courtroom:  6C<br>Address:    411 West Fourth Street,<br>                   Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby objects to confirmation of Debtor's Chapter 13 Plan filed June 26, 2025 [Docket No. 9] (the "Plan"), the confirmation hearing for which is set on the date, time, and location indicated above.

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested herein or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.[1]

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing.  Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

The claims bar date for non-governmental entities of August 21, 2025, will not pass before the confirmation hearing.  To ensure Plan feasibility and that all allowed claims are provided for in the Plan, the Trustee requests that the Plan not be confirmed prior to the claims bar date.

Pursuant to 11 U.S.C. § 1302(b)(2)(B), the Trustee "shall … appear and be heard at any hearing that concerns … confirmation of a plan."  In furtherance of this duty, the Trustee objects to confirmation on the following grounds:

1.  Plan payments are delinquent $1,803.23 for July 2025.  The August Plan payment will come due on August 12, 2025. LBR 3015-1(k)(1)(A), 11 U.S.C. § 1326(a).

2.  Debtor has not filed a Declaration Setting Forth Postpetition, Preconfirmation Payments for creditors Shellpoint Mortgage Servicing and Select Portfolio Servicing Inc. for July and August 2025.  LBR 3015-1(e)(3) and (m)(2).

///

---

[1] The Local Bankruptcy Rules may be found at http://www.cacb.uscourts.gov/local-rules.

3. Notice and proof of service of the Plan has not been filed.  FRBP 2002(a)(9) and LBR 3015-1(b)(3).

4. Debtor has not filed a Declaration Re Filing of Tax Returns and Payment of Domestic Support Obligations.  LBR 3015-1(b)(4).  11 U.S.C. §§ 1308, 1325(a)(9).

5. The following income tax returns have not been provided to the Trustee: 2024 State and Federal.

6. Debtor's non-filing spouse is a self-employed Uber driver.  The Trustee has not received the required business report, questionnaire, and documentation of relevant licenses and insurance.  LBR 3015-1(c)(4).

7. The following documentation of income has not been provided to the Trustee: Debtor's spouse's income of $2,000.00 per month from Akme Glass Co, a dba of Kauffman Enterprises.  LBR 3015-1(c)(3).

8. The Plan at Part 2, Section I.B.1, fails to specify whether it is percentage or residual plan.

9. The Plan at Part 2, Section I.B.2 specifies that general unsecured creditors to receive at least $21,128.84 per chapter 7 liquidation but the Plan appears to only provide $0 to unsecured creditors.

10. The Plan does not provide for a full cure of the mortgage arrears of U.S. Bank Trust National Association/Select Portfolio Servicing, Inc. in the amount of $8,750.18 as set forth in proof of claim no. 02.  11 U.S.C. § 1322(b)(5).  The Plan provides for $2,000.00.

11. The Trustee objects to Debtor being the disbursing agent and requests that any order confirming the Plan provide that the Trustee is the disbursing agent.

12. Debtor's Plan provides for the cure of arrears to Shellpoint Mortgage Servicing in the amount of $72,000.00.  Debtor's Schedule I reflects that the monthly payment is $2,950.00.  Therefore, Debtor is approximately 21 months in arrears as to Shellpoint Mortgage Servicing.

13. Debtor has filed four (4) prior Chapter 13 cases:  8:23-bk-10277-MH which was dismissed before confirmation on March 1, 2023; 8:24-bk-12232-MH which was dismissed before confirmation on September 23, 2024; 8:24-bk-12637-MH which was dismissed before confirmation on November 1, 2024; and, 8:24-bk-12877-MH which was dismissed before confirmation on January 24, 2025.

14. The provisions of the Bankruptcy Code by default require that the Trustee be the disbursing agent for all payments to be made under the Plan, unless the Plan or order confirming the Plan otherwise provide, or the Court orders otherwise.  11 U.S.C. § 1326(a) and (c).  "[11 U.S.C.] § 1326[(c)] also `makes it clear that the Chapter 13 trustee is normally to make distributions to creditors of the payments made under the plan by the debtor.'" Matter of Foster, 670 F.2d 478, 486 (5th Cir. 1982).  The Plan must provide for submission of all or such portion of future earnings to the supervision and control of the Trustee as necessary for the execution of the Plan.  11 U.S.C. § 1322(a)(1).  Debtor must submit to the Trustee funds necessary to make payments under the Plan unless the Court orders otherwise.  11 U.S.C. § 1326(a)(1).  The Trustee shall make payments to creditors under the Plan unless otherwise provided in the Plan or the order confirming the Plan.  11 U.S.C. § 1326(c).

///

///

///

4

15. The Plan is ambiguous in that in Class 3B, provides for Global Lending Services in the amount of the claim of $15,338.00, but at Section IV. C. provides for the valuation of collateral in the amount of $17,000.00 and avoidance of a lien as to Global Lending Services. Debtor has not filed a separate motion.

16. The Plan is ambiguous in that at Part 1, para 1.4, states that it includes non-standard provisions, but then at Section IV. D. does not include any provisions.

17. The Trustee reserves the right to supplement this objection or raise additional grounds for objection at the confirmation hearing.  The filing of this objection does not in any way limit the Trustee's duty to appear and be heard at hearings which concern confirmation of a plan.  11 U.S.C. § 1302(b)(2)(B).

Based on the foregoing, the Trustee requests that confirmation be denied and that the case be dismissed or converted, whichever is in the best interests of creditors.

Dated: August 6, 2025               /s/ Linda S. Conway
                                    Staff Attorney for
                                    Amrane Cohen, Chapter 13 Trustee

**DECLARATION**

I, Linda S. Conway, I am employed as a staff attorney for Amrane Cohen, Chapter 13 Trustee in this case ("Trustee").  The Trustee is the duly appointed chapter 13 trustee in the instant case.  I have personally reviewed the files and records maintained by the Trustee in this case and the facts stated this objection are true and correct to the best of my knowledge.  I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 6, 2025               By: /s/ Linda S. Conway
                                    Attorney for Amrane Cohen, Chapter 13 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/6/25, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane Cohen   efile@ch13ac.com
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
Michael D Franco francolawfirm@hotmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/6/25, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Sacha A Kauffman
2148 Onyx Ave,
Orange, CA 92867

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. MARK D HOULE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/6/25 | Aldo Amaya | /s/ Aldo Amaya |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       **F 9013-3.1.PROOF.SERVICE**