| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DARLENE C VIGIL<br>CA NO. 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 E. CONCOURS STREET, SUITE 350<br>ONTARIO, CA 91764<br>Phone: (626) 371-7000, Fax: (972) 661-7726<br>E-mail: CDCAECF@BDFGROUP.COM<br>FILE NO. 10603587<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>Sacha A Kauffman, | CASE NO.: 8:25-bk-11587-MH |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(REAL PROPERTY)** |
| Debtor(s). | DATE: 10/23/2025<br>TIME: 1:30 pm<br>COURTROOM: 6C |

**MOVANT :** THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-20, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-20

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☒ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 1                    **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 10/1/2025

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
Printed name of law firm (*if applicable*)

DARLENE C. VIGIL
Printed name of individual Movant or attorney for Movant

/s/Darlene C Vigil
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 2                              **F 4001-1.RFS.RP.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the: \*\*PRIOR TO JUNE 12, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

    ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

    ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

    ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

    ☐ Other (*specify*): .

2. **The Property at Issue (Property):**

    a. Address:

    *Street address:* 2148 ONYX AVENUE
    *Unit/suite no.:*
    *City, state, zip code:* ORANGE, CA 92867

    b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _1_): 2007000303855   ORANGE COUNTY

3. **Bankruptcy Case History:**

    a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
    was filed on (*date*)  6/12/2025 .

    b. ☐ An order to convert this case to chapter    ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____

    c. ☐ A plan, if any, was confirmed on (*date*) _____ .

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

    (1) ☐ Movant's interest in the Property is not adequately protected.

        (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

        (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

        (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

    (2) ☒ The bankruptcy case was filed in bad faith.

        (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

        (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

        (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

        (F) ☒ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 3                                    **F 4001-1.RFS.RP.MOTION**

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12
        trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not
        been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to
§ 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or
30 days after the court determined that the Property qualifies as "single asset real estate" as defined in
11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay,
hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
        court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

    a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have
        been entitled to relief from the stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
        with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☒ Other (*specify*): See attached Continuation Page

6. **Evidence in Support of Motion: (D*eclaration(s) MUST be signed under penalty of perjury and attached to this
motion*)**

    a. The REAL PROPERTY DECLARATION on page 6 of this motion.
    b. ☒ Supplemental declaration(s).
    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set
        forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case
        commencement documents are attached as Exhibit _____.

    d. ☒ Other: Movant has incurred attorney fees and costs totaling $1,549.00 to prosecute this relief from stay motion.
        These legal expenses are recoverable as additional obligations payable under the Note and Deed of Trust.

7.   ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 4                       **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: 10/1/2025

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
Printed name of law firm (*if applicable*)

DARLENE C. VIGIL
Printed name of individual Movant or attorney for Movant

/s/Darlene C. Vigil
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                              Page 5                                  F 4001-1.RFS.RP.MOTION

### <u>CONTINUATION TO PAGE 5, PARAGRAPH 14 OF PRAYER FOR RELIEF</u>

Movant requests the following relief:

14.     The 14-day stay prescribed by FRBP 4001(a)(4) is waived.

# DECLARATION OF MEGAN LANGENWALTER

## REAL PROPERTY DECLARATION

I, (print name of Declarant) MEGAN LANGENWALTER _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

    a. ☐  I am the Movant and owner of the Property.

    b. ☐  I am employed by Movant as (state title and capacity):

    c. ☒  Other (specify): I am a/an DOCUMENT VERIFICATION SPECIALIST of Newrez LLC d/b/a Shellpoint Mortgage Servicing loan servicing agent for Movant

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐  Other (see attached): See attachment page.

3. The Movant is: **PRIOR TO JUNE 12, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

    a. ☒  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit  **2**  .

    b. ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit  **1 & 3** .

    c. ☐  Servicing agent authorized to act on behalf of the:

        ☐ Holder.

        ☐ Beneficiary.

    d. ☐  Other (specify):

4. a. The address of the Property is:

        Street address: 2148 ONYX AVENUE
        Unit/suite no.:
        City, state, zip code: ORANGE, CA 92867

    b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

        2007000303855  ORANGE COUNTY

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                             Page 6                          F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence      b. ☐ Other single family residence

   c. ☐ Multi-unit residential          d. ☐ Commercial

   e. ☐ Industrial                 f. ☐ Vacant land

   g. ☐ Other (*specify*):

6. Nature of Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) (*specify*): Trent Kaufman and Sacha Kaufman

   c. ☐ Lien holder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ Debtor     ☒ did  ☐ did not list the Property in the schedules filed in this case.

   f. ☐ Debtor acquired the interest in the Property by  ☐ grant deed  ☐ quitclaim deed  ☐ trust deed
      The deed was recorded on (*date*) :_____.

**\*\*PRIOR TO JUNE 12, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __1__.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit __2__.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit __3__.

8. Amount of Movant's claim with respect to the Property: **\*\*\*On June 12, 2025, Movant foreclosed on its secured lien
obligation. Movant maintains that no amounts are due and owing as a result.**

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $N/A |
| b. | Accrued interest: | $ | $ | $N/A |
| c. | Late charges | $ | $ | $N/A |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $N/A |
| e. | Advances (property taxes, insurance): | $ | $ | $N/A |
| f. | Less suspense account or partial balance paid: | $[ | $[                    ] | $[N/A] |
| g. | TOTAL CLAIM as of (*date*) : N/A | $ | $ | $\*\*\* |

   h. ☐ Loan is all due and payable because it matured on (*date*): _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
has occurred*):

   a. Notice of default recorded on (*date*) _2/26/2024_ or ☐ none recorded.

   b. Notice of sale recorded on (*date*) _7/30/2024_ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _9/5/2024_ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) _6/12/2025_ or ☐ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                        Page 7                     **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit __is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a.  Amount of current monthly payment as of the date of this declaration: $____for the month of ____ 20__.

   b.  Number of payments that have come due and were not made: _____. Total amount: $_____.

   c.  Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $_____ will come due on *(date)* _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d.  The fair market value of the entire Property is $_____, established by:

   (1) ☐  An appraiser's declaration with appraisal is attached as Exhibit _____.

   (2) ☐  A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

   (3) ☐  A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit _____.

   (4) ☐  Other (*specify*):

   e.  **Calculation of equity/equity cushion in Property:**
   Based upon ☐ preliminary title report  ☐  Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other | | $ | $ |
| **TOTAL DEBT:$** | | | |

   f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

   (1) ☐  Preliminary title report

   (2) ☐  Relevant portions of Debtor's schedules as filed in this case

   (3) ☐  Other (*specify*): _____

   g. ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

   h. ☐  **11 U.S.C. § 362(d)(2)(A) - Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 8                          F 4001-1.RFS.RP.MOTION

i.  ☐ Estimated costs of sale: $____ (estimate based upon ____% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:

12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

**\*\*\*On June 12, 2025, Movant foreclosed on its secured lien obligation.  Movant maintains that no amounts are due and owing as a result.**

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | | $N/A | $N/A |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit ____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | | $N/A | $N/A |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:      $
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs      $
(*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance      $[                    ]

TOTAL POSTPETITION DELINQUENCY:      $N/A

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $ N/A  will come due on  N/A , and on
the  N/A  day of each month thereafter. If the payment is not received by the  N/A  day of the month, a late
charge of $ N/A  will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$  N/A          received on (date) N/A
$  N/A          received on (date) N/A
$  N/A          received on (date) N/A

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                        Page 9                                 **F 4001-1.RFS.RP.MOTION**

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*)_____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☒ Other (*specify*): See attached continuation page.

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

     1. Case name: __Sacha Lee Kauffman_____
      Chapter: 13      Case number:____8:24-bk-12232-MH_____
      Date dismissed: 9/23/2024_____  Date discharged: _____   Date filed 9/5/2024_____
      Relief from stay regarding the Property ☐ was ☒ was not granted.

     2. Case name:__Sacha Lee Kauffman_____
      Chapter: 13_____  Case number:__8:24-bk-12637-MH_____
      Date dismissed: 11/1/2024_____  Date discharged: _____   Date filed: 10/6/2024___
      Relief from stay regarding the Property ☐ was ☒ was not granted.

     3. Case name:__Sacha Lee Kauffman_____
      Chapter: 13_____  Case number: 8:24-bk-12877-MH_____
      Date dismissed: 1//242025_____  Date discharged: _____   Date filed: 11/08/2024__
      Relief from stay regarding the Property ☐ was ☐ was not granted.

   ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 10                        **F 4001-1.RFS.RP.MOTION**

19. ☒   Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒   These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐   Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☒   For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

09·30·2025                MEGAN LANGENWALTER

_Date_                          _Printed name_                                                  _Signature_

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                          Page 11                          F 4001-1.RFS.RP.MOTION

| In re:                (SHORT TITLE) | CHAPTER: 13 |
| Sacha Kauffman | Debtor CASE NO: 8:25-bk-11587-MH |

### Attachment to Notice of Motion and Motion for Relief from the Automatic Stay with Supporting Declaration

Continued from page 4, Paragraph 4.a(6), page 10, Paragraph 18 and page 11, Paragraph 19:

Movant submits that cause exists under Section 362(d)(1) to annul the automatic stay retroactive to the bankruptcy petition date and terminate the automatic stay under 362(d)(4) of the Bankruptcy Code.

<u>The Borrowers' Loan</u>

On or about May 2, 2007, TRENT KAUFFMAN and SACHA KAUFFMAN executed a Note ("Note") in the original sum of $363,500.00 in favor of COUNTRYWIDE HOME LOANS, INC DBA AMERICA'S WHOLESALE LENDER secured by a first priority Deed of Trust ("Deed of Trust") against the real property generally known as **2148 ONYX AVENUE, ORANGE, CA 92867** ("Property"). The Deed and Trust was assigned to Movant. True and correct copies of the Deed of Trust, Note and Assignment of Deed of Trust are attached hereto as **Exhibits 1, 2 and 3** respectively and incorporated herein by reference.

Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") was appointed as Substitute Trustee under said Deed of Trust by a Substitution of Trustee recorded on February 13, 2024, as Instrument No. 202400031873 in the Office of the County Recorder of Orange, CA. A true and correct copy of the Substitution of Trustee is attached hereto as **Exhibit 6** and incorporated herein by reference.

Commencing in September 1, 2023, the borrowers failed to pay as agreed under the terms of the Note and Deed of Trust. A non-judicial foreclosure proceeding against the Property was commenced by the recording of a Notice of Default on February 26, 2024. A Notice of Trustee's Sale recorded on July 30, 2024, scheduling the foreclosure for September 5, 2024 at 12:00 p.m. The sale date was postponed due to multiple bankruptcy filings. True and correct copies of the Notice of Default and Notice of Trustee's Sale are attached respectively hereto as **Exhibits 4 and 5** and incorporated herein by reference.

### **Multiple Bankruptcy Filings**

The current case is the fifth bankruptcy affecting the Property since September 5 2024 set forth as follows:

### **First Bankruptcy Case**

The first bankruptcy case was filed on September 5, 2024 by Sacha Lee Kauffman ("Kauffman") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:24-bk-12232-MH under Chapter 13 of the United States Bankruptcy Code (the "First Case"). A true and correct copy of the Notice of Bankruptcy Filing is attached hereto as **Exhibit 7** and incorporated herein by reference. On September 23, 2024, the First Case was dismissed due to debtor's failure to file schedules, statements and/or plan. A true and correct

1

copy of the Order and case summary is attached hereto as **Exhibit 8** and incorporated herein by this reference. Due to the filing of the First Case the foreclosure sale was postponed to October 17, 2024.

### Second Bankruptcy

The second bankruptcy case was filed on October 16, 2024 by Sacha Lee Kauffman ("Kauffman") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:24-bk-12637-MH under Chapter 13 of the United States Bankruptcy Code (the "Second Case"). The Second Case dismissed on November 1, 2024 due to debtor's failure to file schedules, statements and/or plan. A true and correct copy of the Order and case summary is attached hereto as **Exhibit 9** and incorporated herein by this reference.

Due to the filing of the Second Case the foreclosure sale was postponed to November 21, 2024.

### Third Bankruptcy

The third bankruptcy case was filed on November 8, 2024 by Sacha Lee Kauffman ("Kauffman") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:24-bk-12877-MH under Chapter 13 of the United States Bankruptcy Code (the "Third Case"). The Third Case dismissed at the confirmation hearing. A true and correct copy of the Dismissal Order entered on January 24, 2025 and case summary is attached hereto as **Exhibit 10** and incorporated herein by this reference.

Due to the filing of the Third Case the foreclosure sale was subsequently postponed to February 27, 2025.

### Fourth Bankruptcy

The fourth bankruptcy case was filed on February 27, 205 by Trent Jon Kauffman in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:25-bk-10484-MH under Chapter 13 of the United States Bankruptcy Code (the 'Fourth Case"). The Fourth Case dismised at the confirmation hearing. A true and correct copy of the Dismissal Order entered on May 9, 2025 and case summary is attached hereto as **Exhibit 11** and incorporated herein by this reference.

Due to the filing of the Fourth Case the foreclosure sale was postponed to June 12, 2025 at 12:00 p.m.

On June 12, 2025, the non-judicial foreclosure sale of the Property was held as scheduled. The sale was scheduled for 12:00 p.m. and was cried at 12:20 p.m. (the "Trustee's Sale"). A third party bidder submitted the prevailing bid and acquired the Property.

### Fifth and Current  Bankruptcy

After the sale was held Movant became apprised of the filing of the current case by Sacha A. Kauffman. On June 12, 2025 at 11:55 p.m. Sacha A. Kauffman filed the current bankruptcy case in

the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case
No. 8:25-bk-11587-MH under Chapter 13 of the United States Bankruptcy Code (the "Fifth Case").
The Fifth Case dismissed on August 22, 2025. A true and correct copy of the Dismissal Order is
attached hereto as **Exhibit 12.**

## Request for Retroactive Annulment and In Rem Relief:

Based on the foregoing, Movant respectfully submits that cause exists to annul the automatic
stay retroactively as of the date of the bankruptcy petition filing, so that the bankruptcy filing does
not affect the June 12, 2025 Trustee's Sale, which was conducted in good faith, without prior
knowledge of the filing of Debtor's bankruptcy case.

Further, Movant submits that cause exists to terminate the automatic stay under §362(d)(4) in
that: (1) the Debtor's multiple bankruptcy case filing affecting the Property is being used as part of
a scheme, (2) the object of that scheme is to delay, hinder or defraud this Movant. See In re Dorsey,
476 B.R. 261, 265-266 (Bkrtcy.C.D.Cal. 2012). Based on the foregoing, Movant respectfully
requests an order granting relief pursuant to §362(d)(4).

3

SUPPLEMENTAL DECLARATION OF ERICA D. JONES

DARLENE C. VIGIL
CA NO. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. CONCOURS STREET, SUITE 350
ONTARIO, CA 91764
Phone: (626) 371-7000, Fax: (972) 661-7726
E-mail: cdcaecf@BDFGroup.com
File No. 10603587

Attorneys for Movant
THE BANK OF NEW YORK MELLON
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST
2007-20, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-20

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>SACHA A. KAUFFMAN<br><br><br><br>Debtor(s). | CASE NO.:    8:25-bk-11587-MH<br>CHAPTER:    13<br><br>SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE AUTOMATIC STAY RETROACTIVE TO THE PETITION FILING DATE<br><br>DATE:    October 23, 2025<br>TIME:    1:30 pm<br>PLACE:    U.S. Bankruptcy Court<br>Courtroom 6C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

I, Erica Jones, declare as follows:

1.      I am a Managing Attorney of Foreclosure Operations at Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW"), a law firm that processes non-judicial foreclosure actions for its

mortgage loan servicing clients on loans secured by residential properties in California. I have custody and control of business records kept by BDFTW in the ordinary course of its business activities. Those records (which include data compilations, electronically imaged documents and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of business activity conducted regularly by BDFTW. It is the firm's regular practice to make these records.

2.      BDFTW has a foreclosure referral, identified as Trustee's Sale No. 00000010036176 for a loan in the original sum of $363,500.00 obtained by Borrowers TRENT KAUFFMANN and SACHA KAUFFMAN (referred to as "Borrowers"), and secured by a Deed of Trust recorded on May 9, 2007, as Instrument No. 2007000303855 in the Office of the County Recorder of Orange County, CA against the real property at **2148 ONYX AVENUE, ORANGE, CA 92867** ("Property"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

3.      The Borrowers failed to pay as agreed under the terms of the Note and Deed of Trust. As a result a non-judicial foreclosure proceeding against the Property was commenced.

4.      BDFTW was appointed as Substitute Trustee under said Deed of Trust by a Substitution of Trustee recorded on February 13, 2024, as Instrument No. 202400031873 in the Office of the County Recorder of Orange, CA.  A true and correct copy of the Substitution of Trustee is attached hereto as **Exhibit "6"** and incorporated herein by this reference.

5.      A Notice of Default was recorded on February 26, 2024, as Instrument No. 2024000042123 in the Office of the County Recorder of Orange, CA.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit "4"** and incorporated herein by this reference.

6.      A Notice of Trustee's Sale was recorded on July 30, 2024, as Instrument No. 2024000195183 in the Office of the County Recorder of Orange, CA, setting a sale for September 5, 2024 at 12:00 p.m. A true and correct copy of the Notice of Trustee's Sale is attached hereto as **Exhibit "5"** and incorporated herein by this reference.

SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE
AUTOMATIC STAY  RETROACTIVE TO THE PETITION FILING DATE

7.     The first bankruptcy case was filed on September 5, 2024 by Sacha Lee Kauffman in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:24-bk-12232-MH under Chapter 13 of the United States Bankruptcy Code (the "First Case").  Due to the filing of the First Case the foreclosure sale was postponed to October 17, 2024.

8.     The second bankruptcy case was filed on October 16, 2024 by Sacha Lee Kauffman in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:24-bk-12637-MH under Chapter 13 of the United States Bankruptcy Code (the "Second Case").  Due to the filing of the Second Case the foreclosure sale was postponed to November 21, 2024.

9.     The third bankruptcy case was filed on November 8, 2024 by Sacha Lee Kauffman in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:24-bk-12877-MH under Chapter 13 of the United States Bankruptcy Code (the "Third Case").  Due to the filing of the Third Case the foreclosure sale was postponed to January 23, 2025 and subsequently postponed to February 27, 2025..

10.     The fourth bankruptcy case was filed on February 27, 2025 by Trent Jon Kauffman in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:25-bk-10484-MH under Chapter 13 of the United States Bankruptcy Code (the "Fourth Case").  Due to the filing of the Fourth Case the foreclosure sale was postponed to June 12, 2025 at 12:00 p.m.

11.     On June 12, 2025, BDFTW conducted a non-judicial foreclosure sale of the Property.  The sale was scheduled for 12:00 p.m. and was cried at 12:20 p.m. (the "Trustee's Sale").  A third party bidder submitted the prevailing bid and acquired the Property.

12.     After the sale was held, BDFTW became apprised of the current filing by Sacha A. Kauffman ("Kauffman").  On June 12, 2025 at 11:55 p.m. Kauffman filed the current bankruptcy case in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 8:25-bk-11587-MH under Chapter 13 of the United States Bankruptcy Code.

SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE
AUTOMATIC STAY  RETROACTIVE TO THE PETITION FILING DATE

13.     I have personal knowledge of the foregoing facts based upon my review of BDFTW's business records, and if called as a witness, I would testify competently thereto.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed this __30th__ day of __September__, 2025 at Addison, TX.

_____
Printed Name:  ERICA JONES
Title:  Managing Attorney

SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE
AUTOMATIC STAY  RETROACTIVE TO THE PETITION FILING DATE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3990 E. CONCOURS STREET, SUITE 350, ONTARIO, CA 91764**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION  FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/1/2025    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Trustee:  (Santa Ana)  ustpregion16.sa.ecf@usdoj.gov
Brandon Joseph Trout:  btrout@wedgewood-inc.com, dmarcus@wedgewood-inc.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   10/1/2025   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge:  Hon. Mark D. Houle, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 325, Riverside, CA 92501-3819
Debtor: Sacha A Kauffman, 2148 Onyx Ave, Orange, CA 92867-2935
Michael D Franco, Law Office of Michael D. Franco, 1800 N. Broadway, Ste #200, Santa Ana, CA 92706
Trustee: Amrane Cohen, 770 The City Drive South Suite 3700, Orange, CA 92868
Mortgagor: Trent Kauffman,  2148  Onyx Avenue, Orange, CA 92867
Parties in Interest: Select Portfolio Servicing, Inc, Attn: Bankruptcy, Attn: Managing or Servicing Agent, PO Box 65250, Salt Lake City, UT 84165

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/1/2025 | DARLENE C. VIGIL | /s/ Darlene C. Vigil |
| *Date* | *Printed Name* | *Signature* |